IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MELISSA ANN CALLAHAN,

    Plaintiff,

v.

    CIVIL ACTION NO.: 1:22CV113
    (KLEEH)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

FILED

JUN 14 2023

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## AMENDED REPORT AND RECOMMENDATION[1]

### I. Introduction

This action arises out of the denial of Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff argues that the ALJ erred in several respects and requests a finding that she is disabled. For the reasons that follow, the undersigned would conclude that the ALJ did not err, and that substantial evidence supports the ALJ's decision.

### II. Factual/Procedural History

Plaintiff filed her applications for Disability Insurance Benefits and Supplemental Security Income on July 2, 2020. R. 154. She alleged a disability date of May 27, 2020. R. 154. Plaintiff's claims were denied initially and upon reconsideration. R. 154. An administrative hearing was held on January 24, 2022. *Id.* Plaintiff was represented at the hearing by attorney Jan Denise Dils and attorney Michael Plowman. Plaintiff is now proceeding *pro se*. Michele Giorgio, an impartial vocational expert, also appeared at the hearing. *Id.*

---

[1] This Amended Report and Recommendation corrects the numbered docket entries referenced in the "Recommendation" section.

On February 2, 2022, the ALJ issued an unfavorable decision. R. 154-67. The Appeals Council denied Plaintiff's request for review on September 10, 2022, and again on September 20, 2022, making the ALJ's decision the final decision of the Commissioner. R. 1-14. Plaintiff then filed the instant action. ECF No. 1.

### III. ALJ Decision

#### A. The Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). The Social Security Administration uses the following five-step sequential evaluation process to determine if a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the residual functioning capacity of the claimant is evaluated based "on all the relevant medical and other evidence in your case record . . ." 20 C.F.R. §§ 404.1520; 416.920.]

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520; 416.920. If the claimant is determined to be disabled or not disabled at one of the five steps, the process does not proceed to the next step. *Id.*

### B. ALJ Findings

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. R. 157. The ALJ further found that Plaintiff has not engaged in substantial gainful activity since May 27, 2020, or the alleged onset date. *Id.* The ALJ found Plaintiff to have the following severe impairments: migraine headaches, spine impairment (lumbar degenerative disc disease, facet arthropathy, neural foraminal narrowing, pedicle edema, lumbar radiculopathy, spondylosis), hearing loss, respiratory impairment (obstructive sleep apnea; allergic rhinitis), and morbid obesity. *Id.* These impairments were found to significantly limit Plaintiff's ability to perform basic work activities as required by SSR 85-28. *Id.* The ALJ also found Plaintiff to suffer from the nonsevere impairment of hyperlipidemia. *Id.* However, the ALJ concluded that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 CFR Part 40, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.*

The ALJ concluded that Plaintiff had the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently; standing and/or walking up to 6 hours and sitting up to 6 hours in an 8-hour workday; additional limitations include only occasionally balancing as defined in

the SCO (the Selected Characteristics of Occupations defined in the Dictionary of Occupational Titles); only occasional climbing ramps or stairs, stooping, kneeling, crouching, crawling; no climbing ladders, ropes, or scaffolds; only occasional exposure to extreme cold, vibration, or respiratory irritants (such as fumes, odors, dust, gases, poorly ventilated areas in concentrations higher than found in a typical household); no exposure to workplace hazards (including unprotected heights and dangerous machinery); limited to work in a setting no louder than a moderate noise environment (term use is consistent with the examples of moderate noise in the SCO – specifically, a business office with typing, a department store, light traffic, or a fast food restaurant at off hours); limited to occasional and superficial interaction with the others, including the public, coworkers, and/or supervisors.

R. 160. The ALJ's reasoning with respect to the RFC is set forth at R. 160-165 of the ALJ opinion.

## IV. Motions for Summary Judgment

### A. Arguments of the Parties

#### 1. Plaintiff's Arguments

Plaintiff argues that she has the following severe impairments: lumbar degenerative disc disease, chronic migraines; persistent depressive disorder with anxious distress with intermittent major depressive episodes; hearing loss due to otosclerosis; and fibromyalgia. Plaintiff contends that she meets the listing requirements of 1.15 for Disorders of the Skeletal Spine Resulting in Compromise of a Nerve Root; 12.04, Depressive Disorder; and 12.06, Anxiety Disorder. Plaintiff contends that she is unable to perform her past relevant work, and that the RFC is not supported by substantial evidence. Finally, Plaintiff argues that she is not able to perform any other work in the national economy, and that she is disabled.

#### 2. Defendant's Arguments

Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal the Listings. Defendant further argues that the ALJ's RFC finding is supported by substantial evidence.

4

B.  **The Standards**

1.  **Summary Judgment**

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union County Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

2.  **Judicial Review**

The Court's review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether the ALJ's factual findings are supported by substantial evidence. *Rogers v. Kijakazi*, 62 F.4th 872, 875 (4th Cir. 2023).

"Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

C.  **Discussion**

After considering the briefs of the parties, the applicable law, and the Court file, the undersigned is satisfied that oral argument would not substantially aid this report and recommendation. Accordingly, the undersigned would conclude that the ALJ did not err when he made the finding that Plaintiff's impairments do not meet or equal the Listings. The undersigned

would further conclude that the ALJ did not err in fashioning the RFC. Substantial evidence supports the ALJ's decision.

### 1. Newly Alleged Impairments

Initially, the undersigned would note that Plaintiff's brief raises a new impairment which was not before the ALJ during the proceedings below. Specifically, Plaintiff argues that she is disabled because of, among other ailments, fibromyalgia. According to Plaintiff's brief, she was referred to a Rheumatologist in February 2023 where she received this diagnosis. Inasmuch as this alleged impairment was not considered by the ALJ and is not a part of the record below, this alleged impairment is not properly before the Court. *See Z.P. by R.S. v. Saul*, 2020 WL 6110679, at * 6 (finding "any new diagnoses or impairments….must be raised in a new application for benefits"), citing *Getch v. Astrue*, 539 F.3d 473 (7th Cir. 2008).

### 2. Listings

Plaintiff next argues that she meets or equals the Listing requirements for Listings 1.15 (Disorders of the Skeletal Spine Resulting in Compromise of a Nerve Root); 12.04 (Depressive Disorders); and 12.06 (Anxiety Disorder). A claimant must meet all of the criteria within a listing. *Flores v. Commissioner of Social Security*, ____ F.Supp.3d ____, 2022 WL 17496235, at * 8 (S.D.N.Y. Dec. 8, 2022). "[I]t is not enough that scattered portions of the record might support certain of the required elements of a listing." *Id.* To meet or equal a listing, a "claimant must show that he meets all the requirements of the listing consistently." *Id.* (internal quotations omitted). Stated another way, "when the listing criteria are scattered over time, wax and wane, or are present on one examination but absent on another, the claimant's condition does not rise to the level of severity required by the Listing." *Id.* (internal quotations omitted). For the reasons that

follow, the undersigned would conclude that substantial evidence supports the ALJ's assessments with respect to each proposed Listing.

### a. Listing 1.15

Listing 1.15 requires a disorder of the spine resulting in compromise of a nerve root further documented by each of four sets of criteria, A, B, C, and D. 20 C.F.R. Part 404, Subpart P, App. 1, § 1.15. In particular, Listing 1.15 requires a showing of: (1) radicular distribution of symptoms; (2) radicular distribution of neurological signs; (3) imaging findings showing nerve root compromise; and (4) an impairment-related physical limitation that has lasted a full year and has resulted in the inability to use the upper extremities because an assistive device is required or because the upper extremities cannot be used to independently initiate, sustain, and complete work-related activities. *Id.* The ALJ's review of the record demonstrated that Plaintiff's straight leg raise test was negative and her imaging studies did not show nerve root compromise. Plaintiff also ambulated normally without the use of an assistive device. A review of the records cited by the ALJ supports the ALJ's findings. *See* R. 601, 720-21, 726, 731, 736, 865-66, 880, 894-95, 916, 1207, 1271-72, 1276-77, 1283-84, 1359-60, 1395, 1410.[2]

### b. Listings 12.04 and 12.06

Similarly, the ALJ found that Plaintiff did not meet or equal Listings 12.04 and 12.06. Specifically, the ALJ found that Plaintiff had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing herself. R. 159-60. The ALJ thus concluded that Plaintiff did not have at least two marked

---

[2] The Court would note in particular that there is no evidence apparent in the record that shows Plaintiff is unable to use her upper extremities because an assistive device is required or because the upper extremities cannot be used to independently initiate, sustain, and complete work-related activities. For this reason alone, a finding could be made that Plaintiff does not satisfy Listing 1.15.

7

limitations or one extreme limitation pursuant to the paragraph B criteria. *See* 20 C.F.R. Part 404, Subpart P, App. 1, §§ 12.04B and 12.06B. The ALJ further found that the paragraph C criteria were not satisfied because the record failed to demonstrate a minimal capacity to change in the environment or to demands that are not already part of daily life. *Id.* at 12.04C and 12.06C. A review of the record demonstrates support for these findings. *See* R. 180, 483-86, 504-07, 657, 786-88, 795, 797, 998, 1332, 1349, 1365, 1367, 1381.

### 3.  Substantial Evidence Supports the ALJ's RFC Finding

Plaintiff next argues that she is disabled, and she asks the Court to enter a judgment to this effect. In essence, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence. After considering the ALJ's opinion and the evidence of record, the undersigned would conclude that Plaintiff's argument is without merit, and that the ALJ's RFC is supported by substantial evidence.

The ALJ found Plaintiff capable of performing light work as defined in 20 CFR 404.1567(b) and 416.967(b) with certain limitations as set forth at R. 160 of the record (and above). Over the next five pages of the opinion, which contain approximately 27 single-spaced paragraphs, the ALJ explained the RFC by providing a thorough explanation of his reasoning with particular and detailed attention to the medical evidence and other evidence of record as required by 20 CFR §§ 404.1545(a)(3) and 416.945(a)(3). The ALJ demonstrated support for his reasoning by citing evidence of record and providing a logical bridge between the evidence and his conclusions. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). A review of the evidence of record confirms support for the ALJ's RFC. *See e.g.,* R. 160-165, 483-86, 504-07, 585-602, 657, 716-37, 795, 797, 806-48, 860-992, 998,1088, 1104, 1201-44, 1249, 1251, 1271-94, 1332, 1349, 1358-61, 1365,

1367, 1381, 1389-99, 1400-34, 1435-46, and 1452-56. The undersigned sees no reason to disturb the ALJ's RFC on appeal.

V. Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion [23] for Summary Judgment be **DENIED** and that Defendant's Motion [24] for Summary Judgment be **GRANTED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

A copy of such objections should be submitted to the District Judge of Record. <u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.</u> *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 14th day of June 2023.

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE